1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT ANDERSON,

11          Plaintiff,                    No. 2:09-cv-0194-JFM (PC)

12      vs.

13   CORRECTIONAL OFFICER
     LAMBERT, et al.,
14
              Defendants.              ORDER
15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

24   in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

25   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

26   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

1

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson

2

v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn

quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this

standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,

and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416

U.S. 232, 236 (1974).

          In his complaint, plaintiff alleges that on July 15, 2008, he was performing duties

as a J-Wing porter for protective custody inmates when defendant Correctional Officer Lambert

asked him and another inmate to help serve dinner trays on the administrative segregation tier.

Plaintiff alleges that it is against security policy at Deuel Vocational Institution (DVI) for any

inmate to be on an administrative segregation tier without an officer and without cuffs, and that it

at  is "a violation of policy, set standards, safety and security regulations" at D.V.I. to have a

protective custody inmate on the administrative segregation tier.  Exhibits appended to the

complaint show that plaintiff was assaulted by an other inmate who escaped from his cell at the

time complained of.[1]  Plaintiff names two other defendants in the complaint, Correctional

Officers Croome and Holis, but there are no allegations against either of these two individuals.

          The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

---

[1] Exhibits appended to a complaint are a part thereof for all purposes.  See Fed. R. Civ.
P. 10(c).

1   omits to perform an act which he is legally required to do that causes the deprivation of which

2   complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3   Plaintiff has alleged violations of state policies and regulations, but he has not

4   claimed any violation of his federal constitutional rights.  Moreover, as noted above he has

5   named three correctional officers as defendants but has failed to include any charging allegations

6   against two of the three named defendants.  For these reasons, the complaint must be dismissed.

7   The court will, however, grant leave to file an amended complaint.

8   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

9   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

10   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

11   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

12   there is some affirmative link or connection between a defendant's actions and the claimed

13   deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

14   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

15   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

16   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

17   In addition, plaintiff is informed that the court cannot refer to a prior pleading in

18   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

19   amended complaint be complete in itself without reference to any prior pleading.  This is

20   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

21   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

22   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

23   original complaint, each claim and the involvement of each defendant must be sufficiently

24   alleged.

25   In accordance with the above, IT IS HEREBY ORDERED that:

26   1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

4

1    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

2    Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

3    § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

4    Director of the California Department of Corrections and Rehabilitation filed concurrently

5    herewith.

6    3.  Plaintiff's complaint is dismissed.

7    4.  Within thirty days from the date of this order, plaintiff shall complete the

8    attached Notice of Amendment and submit the following documents to the court:

9    a.  The completed Notice of Amendment; and

10   b.  An original and one copy of the Amended Complaint.

11   Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

12   Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

13   bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to

14   file an amended complaint in accordance with this order will result in a recommendation that this

15   action be dismissed.

16   DATED: February 25, 2009.

17

18                                                UNITED STATES MAGISTRATE JUDGE

19

20   12
21   ande0194.14

22

23

24

25

26

5

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10 ROBERT ANDERSON,

11          Plaintiff,                No. 2:09-cv-0194-JFM (PC)

12    vs.

13 CORRECTIONAL OFFICER
LAMBERT, et al.,              <u>NOTICE OF AMENDMENT</u>

14

15          Defendants.
_____/

16         Plaintiff hereby submits the following document in compliance with the court's

17 order filed _____:

18        _____      Amended Complaint

19 DATED:

20

21

22                           _____

23                           Plaintiff

24

25

26