IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT ANDERSON,

       Plaintiff,                No. 2:09-cv-0194-JFM (PC)

   vs.

CORRECTIONAL OFFICER
LAMBERT, et al.,

       Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed February 26, 2009, plaintiff's original complaint was dismissed and plaintiff was granted thirty days in which to file an amended complaint. Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In his amended complaint, plaintiff alleges that three correctional officers, Officers Lambert, Hollis, and Croome, failed to protect plaintiff from assault by an inmate who escaped from his cell while plaintiff, an inmate in protective custody, was working, at the direction of Officer Lambert, on the administrative segregation tier in which that inmate was housed. Plaintiff alleges that the inmate escaped from his cell, attacked plaintiff, and bit him on

the elbow.   Plaintiff has now alleged that the events complained of violated his rights under the Eighth Amendment, as well as state policies and regulations, and has included charging allegations against all three of the correctional officers.   Plaintiff's amended complaint does not, however, include a prayer for relief.   For that reason, the amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must use the form provided with this order, and must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.   See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved.   There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.   Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).   Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.   Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.   This is because, as a general rule, any amended complaint supersedes prior complaints.   See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).   Once plaintiff files a second amended complaint, prior pleadings no longer serve any function in the case.   Therefore, in a second amended complaint, as in prior complaints, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's amended complaint is dismissed.

/////

3

1    2.  Within thirty days from the date of this order, plaintiff shall complete the

2  attached Notice of Amendment and submit the following documents to the court:

3    a.  The completed Notice of Amendment; and

4    b.  An original and one copy of the Second Amended Complaint.

5  Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights

6  Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended

7  complaint must be on the form provided with this order bear the docket number assigned this

8  case and must be labeled "Second Amended Complaint"; failure to file a second amended

9  complaint in accordance with this order will result in a recommendation that this action be

10  dismissed.

11    3.  The Clerk of the Court is directed to send plaintiff the court's form civil rights

12  complaint and accompanying instructions.

13  DATED: April 23, 2009.

14

15  _____
     UNITED STATES MAGISTRATE JUDGE

16

17  12
18  ande0194.14amd

19

20

21

22

23

24

25

26

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT ANDERSON,

        Plaintiff,                No. 2:09-cv-0194-JFM (PC)

    vs.

CORRECTIONAL OFFICER
LAMBERT, et al.,                NOTICE OF AMENDMENT

        Defendants.

_____/

        Plaintiff hereby submits the following document in compliance with the court's

order filed _____:

        _____        Second Amended Complaint

DATED:

                                  _____
                                  Plaintiff