IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT ANDERSON,

        Plaintiff,                  No. 2:09-0194-GEB-JFM (PC)

     vs.

CORRECTIONAL OFFICER
LAMBERT, et al.,

        Defendants.            FINDINGS AND RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  On September 24, 2009, defendants filed a motion to dismiss for failure to exhaust administrative remedies pursuant to Federal Rule of Civil Procedure 12(b).  On July 6, 2009, the court advised plaintiff of the requirements for opposing a motion pursuant to non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure.  See Order filed July 6, 2009 at ¶ 9 (citing Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  In that same order, plaintiff was advised of the requirements for filing an opposition to the pending motion and that failure to oppose such a motion might be deemed a waiver of opposition to the motion.

        On November 6, 2009, plaintiff was ordered to file an opposition or a statement of non-opposition to the pending motion within thirty days.  In the same order, plaintiff was informed that failure to file an opposition would result in a recommendation that this action be

1

1  dismissed pursuant to Fed. R. Civ. P. 41(b).  The thirty day period has now expired and plaintiff
2  has not responded to the court's order.
3          "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss
4  an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,
5  1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a
6  court order the district court must weigh five factors including:  '(1) the public's interest in
7  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
8  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;
9  and (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting
10 Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46
11 F.3d 52, 53 (9th Cir. 1995).
12         In determining to recommend that this action be dismissed, the court has
13 considered the five factors set forth in Ferdik.  Here, as in Ferdik, the first three factors strongly
14 support dismissal of this action.  Plaintiff's failure to comply with the Local Rules and the
15 court's November 6, 2009 order suggests that he has abandoned this action and that further time
16 spent by the court thereon will consume scarce judicial resources in addressing litigation which
17 plaintiff demonstrates no intention to pursue.  Moreover, plaintiff's failure to oppose the motion
18 does not put defendants at any disadvantage in this action.  See Ferdik, 963 F.2d at 1262.  Indeed,
19 defendants would only be "disadvantaged" by a decision by the court to continue an action
20 plaintiff has abandoned.  The fifth factor also favors dismissal.  The court has advised plaintiff of
21 the requirements under the Local Rules and granted ample additional time to oppose the pending
22 motion, all to no avail.  The court finds no suitable alternative to dismissal of this action.
23         The fourth factor, public policy favoring disposition of cases on their merits,
24 weighs against dismissal of this action as a sanction.  However, for the reasons set forth supra, all
25 of the other factors strongly support dismissal.  Under the circumstances of this case, those
26 factors outweigh the general public policy favoring disposition of cases on their merits.  See

Ferdik, 963 F.2d at 1263.  Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 12, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

12/ande0194.46fr